**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re Henry L. Harden, | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | Case No. 22-12788 |
| | ) | Judge Deborah L. Thorne |
| | ) | |
| Charles P. Golbert, Cook County Public | ) | |
| Guardian on behalf of Sarah L. Curry, | ) | Adv. Proc. 23-00004 |
| Plaintiff, | ) | |
| v. | ) | |
| Henry L. Harden, | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION</u>

Plaintiff is the Cook County Public Guardian, appearing for the estate of Sarah L. Curry. In 2021, a Cook County judge found that Defendant Henry Harden breached his fiduciary duty to Curry and that he owed her estate $77,394.21. After Defendant filed for bankruptcy, Plaintiff commenced an adversary proceeding to bar Defendant's discharge of the judgment under 11 U.S.C. § 523(a)(4). This matter is now before the court on Plaintiff's Motion for Summary Judgment. Because the doctrine of collateral estoppel applies, the court grants Plaintiff's motion.

### I. Background

In 2017, Sarah L. Curry appointed her nephew, Defendant Henry Harden, as agent under Powers of Attorney for Property and Healthcare. (Statement of Undisputed Facts ("Undisputed Facts") ¶ 4, Dkt. No. 17.) Curry—now eighty-four and residing in a long-term care facility— suffers from several physical and mental illnesses, including dementia. (*Id.* ¶ 3.)

On March 18, 2019, Curry's stepdaughter sent a demand letter to Defendant requesting an accounting of his actions as agent. (*Id.* ¶ 5.) Defendant opened a Cook County case seeking guardianship of Curry, and the case was eventually referred to Plaintiff's office. (*Id.* ¶¶ 6, 8.)

### A. State Court Proceeding and Judgment

After the state court appointed Plaintiff as the temporary guardian of Curry's estate, Plaintiff filed an Emergency Petition to revoke Defendant's powers of attorney. (*Id.* ¶ 11; Emergency Pet., Dkt. No. 1, Ex. B.) The Emergency Petition included a request for Defendant to account for his actions as agent and argued that Defendant's agency under the Powers of Attorney should be revoked because he breached his fiduciary duty to Curry.

The state court held a hearing on the Emergency Petition on November 10, 2021. At the hearing, the court appointed Plaintiff as Curry's plenary guardian and sustained Plaintiff's objections to Defendant's accounting. (Tr. at 4:11–13, 34:22–23, Dkt. No. 13, Ex. E.) The court noted that Defendant's accounting was "inadequate" and "very difficult if not impossible to follow." (*Id.* at 32:6–11.)  The court also made factual findings that, among other things, Defendant comingled assets; rented out Curry's condominium and used the income to benefit himself; failed to pay Curry's property taxes, which violated the terms of her reverse mortgage; and allowed Curry to spend an "inappropriate" amount of money at casinos.[1] (*Id.* at 32:12–34:21.)

The court ultimately determined that Defendant breached his fiduciary duty to Curry "by failing to keep appropriate records, failing to use Ms. Curry's income and assets for her benefit, and failing to provide an adequate accounting." (November 10 Order, Dkt. No. 13, Ex. D.) As a result of the breach, the court entered a $77,394.21 judgment against Defendant. This total included the $33,500 that Defendant collected from renting out Curry's condominium,

---

[1] These findings are all contained in a transcript of the state court's November 10 hearing. *See In re Mukenschnabl*, 643 B.R. 218, 243 (Bankr. N.D. Ill. 2022) (relying on transcript of state court's findings to assess whether collateral estoppel applies).

2

$30,934.51 for "unexplained and unaccounted for withdrawals" from Curry's bank accounts, and

$12,959.70 owed to Curry's care facility for outstanding rent. (*Id.*)

## B. Adversary Proceeding

On November 3, 2022, Defendant filed a petition under Chapter 7 of the Bankruptcy

Code. Shortly after, Plaintiff initiated this adversary proceeding. Plaintiff's complaint asks for a

determination that the Cook County judgment is nondischargeable under 11 U.S.C. § 523(a)(4).

(Compl., Dkt. No. 1.) The allegations in the complaint mirror those in the state court proceeding:

Plaintiff alleges that there was a fiduciary relationship between Defendant and Curry and that

Defendant committed defalcation by using Curry's money and property for his own benefit. (*Id.*

¶¶ 22–25.)

Now pending before the court is Plaintiff's motion for summary judgment. Plaintiff

asserts that, under the doctrine of collateral estoppel, the state court's findings preclude

Defendant from contesting dischargeability in this action. (Mot. for Summ. J., Dkt. No. 13.)

## II. Jurisdiction and Venue

The court has jurisdiction pursuant to 28 U.S.C. § 1334, and venue is proper under 28

U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

## III. Legal Standard

## A. Summary Judgment

Federal Rule of Civil Procedure 56(a)—made applicable to this proceeding by Federal

Rule of Bankruptcy Procedure 7056—provides that "[t]he court shall grant summary judgment if

the movant shows that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law." Material facts are those that "might affect the outcome

of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

When considering a motion for summary judgment, the court draws all reasonable inferences in favor of the nonmoving party. *Hess v. Bd. of Trustees of S. Ill. Univ.*, 839 F.3d 668, 673 (7th Cir. 2016). A party opposing summary judgment, however, "must set forth specific facts showing that there is a genuine issue for trial" and cannot "rest upon the mere allegations or denials of his pleading." *Anderson*, 477 U.S. at 248 (citation and quotation marks omitted); *see also In re Jacobs*, 448 B.R. 453, 463 (Bankr. N.D. Ill. 2011) ("[F]acts to which the opposing party offers a response that is neither a direct admission nor a denial are admitted." (citation omitted)).

### B. Collateral Estoppel

Collateral estoppel "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Dexia Credit Loc. v. Rogan*, 629 F.3d 612, 628 (7th Cir. 2010). It is "well established" that collateral estoppel applies in proceedings to determine dischargeability. *In re Mukenschnabl*, 643 B.R. 218 (Bankr. N.D. Ill. 2022) (collecting cases). "If a court of competent jurisdiction has previously entered judgment against [a] debtor, collateral estoppel may bar the debtor from re-litigating the underlying facts in the bankruptcy court." *Id.* (quoting *Meyer v. Rigdon*, 36 F.3d 1375, 1378 (7th Cir. 1994) (internal quotation marks omitted)).

Because Plaintiff asserts that an Illinois judgment precludes relitigation of this issue, Illinois law applies. *See id.* at 241. Plaintiff must show that (1) the state court case presented an identical issue, (2) the state court case ended in a final judgment on the merits, and (3) the party against whom estoppel is asserted was a party in the state court case. *Id.* Defendant does not seem to contest that the final two elements are met. Only the first element, whether Plaintiff's § 523(a)(4) claim presents an identical issue to the state court proceeding, is disputed.

4

## IV. Analysis

The Bankruptcy Code precludes discharge for debts obtained through "fraud or defalcation while acting in a fiduciary capacity." 11 U.S.C. § 523(a)(4). A creditor seeking a determination of nondischargeability must prove that (1) "the debtor acted as a fiduciary to the creditor at the time the debt was created," and (2) "the debt was caused by fraud or defalcation." *In re Jahrling*, 816 F.3d 921, 925 (7th Cir. 2016). The court discusses each of these elements— and their identicality to the state court findings—in turn.

### A. Fiduciary Relationship

"Not all persons treated as fiduciaries under state law are considered to 'act in a fiduciary capacity' for purposes of federal bankruptcy law. The existence of a fiduciary relationship under section 523(a)(4) is a matter of federal law." *In re Berman*, 629 F.3d 761, 767 (7th Cir. 2011) (citing *In re Frain*, 230 F.3d 1014, 1017 (7th Cir. 2000)). The Seventh Circuit recognizes a fiduciary relationship when there is "a difference in knowledge or power between fiduciary and principal which . . . gives the former a position of ascendancy over the latter." *In re Marchiando*, 13 F.3d 1111, 1116 (7th Cir. 1994). This ascendancy exists when, for example, "one party to the relation is incapable of monitoring the other's performance of his undertaking, and therefore the law does not treat the relation as a relation at arm's length between equals." *Id.*

The state court's findings show that Defendant and Curry had a fiduciary relationship at the time the debt was created. Because of her dementia, Curry was "totally incapable of making personal or financial decisions." (Tr. at 4:8–10.) Under the Power of Attorneys for Property and Healthcare, Defendant was responsible for making financial and healthcare decisions on Curry's behalf. Plaintiff's Emergency Petition—which Defendant has not disputed the accuracy of— indicates that Curry's doctor noted her deteriorating mental health and inability to make financial

5

and personal decisions as far back as 2017 (the same year that she executed the Powers of Attorney) and that he informed Defendant of Curry's declining cognitive ability. (Emergency Pet. ¶ 40.) In fact, at the state court hearing, Defendant stated that he sought power of attorney in 2017 "based on the doctor's request" and to be able to access Curry's medical information. (Tr. at 20:16–20.) Curry's inability to make financial decisions also led to Defendant opening a joint bank account with her. (*Id.* at 23:4–15.) During the November 10 hearing, the state court recognized that, as agent under Power of Attorney, Defendant had a "responsibility to recognize that . . . on [Curry's] limited income," her spending at casinos was "inappropriate." (*Id.* at 34:14–19.) On similar facts, courts in this district have found that a fiduciary relationship existed. *See In re Vincze*, No. 17AP00359, 2018 WL 4037288, at *4 (Bankr. N.D. Ill. Aug. 21, 2018) (finding a fiduciary relationship where principal had dementia and defendant had power of attorney and controlled her finances); *In re Wians*, 523 B.R. 124, 133 (Bankr. N.D. Ill. 2014) (same).

Collectively, these findings and admissions convince the court that—at the time Defendant's debt arose—there was a substantial difference in knowledge and power between Defendant and Curry. Theirs was not a relationship at arm's length between equals; Defendant's position of ascendancy over her created a fiduciary relationship. Based on the state court's factual findings, there is no genuine dispute that this element is met.

### B. Defalcation

Defalcation is "a failure to account for money or property that has been entrusted to another." *In re Pawlinski*, 170 B.R. 380, 389 (Bankr. N.D. Ill. 1994). The Supreme Court has explained that defalcation does not require actual knowledge; rather, courts "consider conduct as equivalent if the fiduciary 'consciously disregards' (or is willfully blind to) 'a substantial and unjustifiable risk' that his conduct will turn out to violate a fiduciary duty." *Bullock v.*

*BankChampaign, N.A.*, 569 U.S. 267, 274 (2013). The risk must be of "such a nature and degree that, considering the nature and purpose of [his] conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a law-abiding person would observe in [his] situation." *Id.* Put in relative terms, the plaintiff must show "something more than mere negligence or mistake, but less than fraud," *In re Burke*, 405 B.R. 626, 649 (Bankr. N.D. Ill. 2009), *aff'd sub nom. ColeMichael Invs., L.L.C. v. Burke*, 436 B.R. 53 (N.D. Ill. 2010), and can do so using circumstantial evidence. *Jahrling*, 816 F.3d at 926.

For purposes of collateral estoppel, the prior court need not actually use the phrase "defalcation" or find that the defendant acted with specific intent to harm. *Mukenschnabl*, 643 B.R. at 242 ("[T]he court in a prior action need not use the specific words or phrases found in the elements of a statutory exception to discharge in order for collateral estoppel to apply."). Collateral estoppel applies when the prior court's "findings of fact, when viewed in the aggregate, 'independently comprise elements of a [subsequent] dischargeability claim.'" *Id.* (quoting *French Kezelis & Kominiarek, P.C. v. Carlson*, No. 99 C 6020, 2000 WL 226706, at *4 (N.D. Ill. Feb. 22, 2000)).

The state court's findings of fact certainly amount to defalcation. Defendant was trusted with Curry's money and property, and the state court found that he failed to keep appropriate records, use Curry's income and assets for her benefit, or provide an adequate accounting. (November 10 Order.) During the hearing referenced in the written order, the state court made factual findings that:

1. Defendant's "ignorance of the law with regard to record-keeping" was "not an excuse" for his breach of fiduciary duty. (Tr. at 31:20–22.)

7

2. Defendant's accounting was "just inadequate." He "fail[ed] to document properly all of the receipts [and] expenditures for Ms. Curry," and did not provide a beginning or ending balance. (*Id.* at 32:4–9.)

3. By Defendant's own admission, he rented out Curry's property and used the proceeds to repair his own home, in which Curry did not live. (*Id.* at 32:12–23.)

4. Defendant "benefitted from [his] own actions as power of attorney" and "benefitted from Ms. Curry's property" which was "an improper use of her income, of the rental income." (*Id.* at 33:3–6.)

5. Defendant failed to pay Curry's property taxes or rent for her long-term care facility. (*Id.* at 33:16–19.)

6. As a result of Defendant's actions, "Ms. Curry was in violation of her reverse mortgage." (*Id.* at 34:2–3.)

7. Defendant failed to prevent Curry from withdrawing "inappropriate" amounts at casinos given her limited income. (*Id.* at 34:14–19.)

8. By Defendant's own admission, he "never separated cash" and was "commingling assets" in violation of the Illinois Power of Attorney Act. (*Id.* at 34:19–20.)

These findings of fact, when viewed in the aggregate, show that—at minimum—Defendant consciously disregarded the risk that his actions would violate the fiduciary duty he owed to Curry. Based on the state court's factual findings and Defendant's own admissions during the state court hearing, there is no genuine dispute that Defendant committed defalcation.

### V. Conclusion

The state court's factual findings show that Defendant's debt to Curry's estate was obtained through defalcation while acting in a fiduciary capacity. Because there is no genuine

dispute of material fact as to the elements of section 523(a)(4), Plaintiff's Motion for Summary

Judgment is granted.

Dated: 8-1-2023

_____
Honorable Deborah L. Thorne
United States Bankruptcy Judge